# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SMARTSCAPE, LLC,<br><br>                             Plaintiff,<br><br>v.<br><br>EVO ENTERPRISES INC.;<br>EVOSCAPES; JESSE YORK; MICHAEL<br>MULDER; ELISEO FLORES MACIAS;<br>and DOES 1 through 10, inclusive,<br><br>                             Defendants. | Case No.:  26-cv-02960-H-DEB<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND**<br><br>[Doc. No. 5.] |

On May 15, 2026, Plaintiff California Smartscape, LLC filed a motion to remand the action back to state court. (Doc. No. 5.) On May 18, 2026, the Court took Plaintiff's motion to remand under submission. (Doc. No. 8.) On June 1, 2026, Defendants Evo Enterprises Inc., Evoscapes, Jesse York, Michael Mulder, Eliseo Flores Macias filed a response in opposition to Plaintiff's motion to remand. (Doc. No. 11.) On June 7, 2026, Plaintiff filed a reply. (Doc. No. 12.) For the reasons below, the Court denies Plaintiff's motion to remand.

/ / /

/ / /

/ / /

**Background**

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff Smartscape is a San Diego County business that markets, sells, designs, constructs, and manages luxury landscaping projects. (Doc. No. 1, Compl. ¶ 14.) Plaintiff relies heavily on advertising and has invested in professional photography of completed jobs as a key driver for traffic to its website and various marketing websites. (Id.) Plaintiff's images are primarily professional landscape photos taken by the owner of Linear Photography, who transferred ownership and copyright of the images to Plaintiff. (Id. ¶ 20.)

Defendant Jesse York is a landscape designer, and he entered into an Independent Contractor Agreement with Plaintiff's Owner, Best Contracting LLC, on July 7, 2021. (Id. ¶ 23.) In the agreement, York agreed to a confidentiality and non-disclosure clause related to a variety of trade secrets and other information and records owned by the company. (Id. ¶ 24.) In the agreement, York also agreed that Plaintiff would retain ownership in all company and client data and maintain confidentiality of all trade secrets, research data, and company information. (Id. ¶ 25.)

Plaintiff alleges that, until April or May 2024, York had broad access to Plaintiff's images, designs, client lists, client personal identifying information, detailed job data, client reviews, Google Workspaces, Dropbox files, and other tangible and intangible properties. (Id. ¶ 28.) York stopped working for Plaintiff around March 7, 2024. (Id. ¶ 30.)

Plaintiff alleges that five months prior to the end of his relationship with Plaintiff, York and his co-defendants were actively developing a competing landscape design and build business called Evoscapes. (Id. ¶ 31.) On January 1, 2024, articles of incorporation for Evoscapes were filed with the California Secretary of State. (Id. ¶ 32.)

Plaintiff alleges that, sometime around January 15, 2025, Plaintiff was altered by an employee that Evoscapes was posting Plaintiff's images on its website (https://evoscapes.com), which were featured as "Evoscapes 'Signature Projects.'" (Id. ¶

2

42.)  Plaintiff alleges that further investigation revealed that hundreds of misappropriated Smartscape images had been used on the website to falsely advertise the work as having been performed by Evoscapes.  (Id.)

In late February 2025, Plaintiff's owner contacted York and verbally advised him that he had no authorization to use Plaintiff's images.  (Id. ¶ 43.)  Plaintiff allege that, despite this, Defendants continue to use hundred of Smartscape images branded as Evoscapes "Signature Projects" and "Featured Projects" and fixed with hovering text stating "Remodeled by Evoscapes" in a variety of online advertising.  (Id. ¶ 47.)  Plaintiff alleges that Defendants misappropriated the images and their use of the images violates Plaintiff's copyright in the materials.  (Id. ¶ 56.)  Plaintiff alleges that Defendants have also published misappropriated client data in Evoscpapes's online advertising, including project details such as location, budget, year of completion, and zip code.  (Id. ¶ 50.)  Plaintiff alleges that after the launch of Evoscapes's website and Evoscapes's aggressive online advertising using Smartscape images, Plaintiff's online advertising referrals dropped by nearly 60% in 2025.  (Id. ¶ 22.)

On April 24, 2026, Plaintiff filed a verified complaint against Defendants in the Superior Court of California, County of San Diego, alleging claims for: (1) breach of contract; (2) breach of fiduciary duty; (3) inducing breach of contract; (4) unauthorized computer use; (5) conversion; (6) receipt of stolen property; (7) intentional misrepresentation/fraud; (8) false advertising; (9) unfair business practices; (10) interference with prospective economic advantage; and (11) violation of the uniform trade secrets act.  (Doc. No. 1-2, Compl. ¶¶ 57–174.)  On May 11, 2026, Defendants removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  (Doc. No. 1, Notice of Removal.)  By the present motion, Plaintiff moves to remand the action back to state court on the basis of lack of subject matter jurisdiction.  (Doc. No. 5.)

/ / /

26-cv-02960-H-DEB

### Discussion

**I.      Legal Standards**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." Allen v. Boeing Co., 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018). There is a strong presumption against removal jurisdiction, and courts strictly construe the removal statute against removal jurisdiction. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" Hansen, 902 F.3d at 1057; see also Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Here, Defendants removed the action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1, Notice of Removal ¶ 4.) "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." Hansen, 902 F.3d at 1057. "This rule provides that an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. (quoting Caterpillar, 482 U.S. at 392).

An independent corollary to the well-pleaded complaint rule is the "'complete preemption doctrine.'" Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar, 482 U.S. at 393). The complete preemption doctrine "posits that there are some federal statutes that have such 'extraordinary pre-emptive power' that they 'convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-

26-cv-02960-H-DEB

empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393. "Accordingly, '[w]hen a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore "arising under" federal law.'" Retail Prop., 768 F.3d at 947.

## II. Federal Question Jurisdiction

Plaintiff argues that the Court lacks subject matter jurisdiction over this action because Plaintiff's complaint alleges only eleven California state law causes of action and does not plead any claims under the federal Copyright Act. (Doc. No. 5 at 7–8.) In response, Defendants contend that the Court has federal question jurisdiction over at least some of Plaintiff's claims, including Plaintiff's claim for conversion, because some of Plaintiff's claims are completely preempted by the Copyright Act. (Doc. No. 11 at 8–16.)

Although the Ninth Circuit has not directly addressed this issue, the Second Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, and district courts within the Ninth Circuit have all held that the complete preemption doctrine applies to the Copyright Act. See Levy Prod. Grp., LLC v. R&R Partners, Inc., 658 F. Supp. 3d 901, 907 (D. Nev. 2023) (collecting cases); OEG Inc. v. Korum, No. 3:24-CV-05694-TMC, 2025 WL 353927, at *5 (W.D. Wash. Jan. 31, 2025) (collecting cases). "The Copyright Act grants copyright holders an exclusive right to use or authorize the use of their work in five qualified ways." See Talavera v. Glob. Payments, Inc., 670 F. Supp. 3d 1074, 1096 (S.D. Cal. 2023) (citing 17 U.S.C. § 106). These rights include: (1) the right to reproduce the copyrighted work; (2) the right to prepare derivative works based on the copyrighted work; (3) the right to distribute copies of the copyrighted work; and, with respect to certain artistic works, (4) the right to perform the work publicly; and (5) the right to display the copyrighted work publicly. 17 U.S.C. § 106.

"'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute, 'is an infringer of the

copyright.'" Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 433 (1984) (citing 17 U.S.C. § 501(a)).  Thus, to establish copyright infringement, "two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Pubs., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

For there to be complete preemption of a state law claim under the Copyright Act, the state-law claim must meet two requirements.  Laws v. Sony Music Ent., Inc., 448 F.3d 1134, 1137 (9th Cir. 2006); OEG, 2025 WL 353927, at *7; Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1092 (C.D. Cal. 2005).  First, the subject matter of the state law claim must fall within the subject matter of copyright.  Id.  Second, the rights granted under the state law must be equivalent to one of the exclusive rights within the general scope of copyright. Id.  "'To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected under the Copyright Act.'" OEG, 2025 WL 353927, at *7.

The first part of the above two-part test is satisfied here.  Plaintiff's conversion claim is based in part on Defendants' alleged misappropriation and use of certain professional landscape photography images.  (See Doc. No. 1, Compl. ¶¶ 42–49, 97–99.)  Plaintiff alleges that it is the owner and copyright holder of these images.  (See id. ¶ 20.)  See also Monge v. Maya Mags., Inc., 688 F.3d 1164, 1177 (9th Cir. 2012) ("Photos are generally viewed as creative, aesthetic expressions of a scene or image and have long been the subject of copyright.").  As such, these images fall within the subject matter of copyright.

The Court then turns to part two of the complete preemption test.  The Ninth Circuit has explained:

> To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged misappropriation . . . must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act.  Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display.  To survive preemption, the state cause of action must protect rights which are

6

26-cv-02960-H-DEB

> qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action.

Laws, 448 F.3d at 1143 (quoting Del Madera Props. v. Rhodes & Gardner, 820 F.2d 973, 977 (9th Cir. 1987)).

Here, Plaintiff's conversion claim is based, in part, on Defendants' alleged misappropriation of Plaintiff's copyrighted digital images, and Defendants' alleged use of those images in publishing the images on Evoscapes's website. (See Doc. No. 1, Compl. ¶¶ 42–49, 97–99.) To the extent Plaintiff's conversion claim is based on these allegations, the conversion claim is asserting rights equivalent to those afforded by the Copyright act with no extra elements. A claim that a defendant has misappropriated and improperly used the plaintiff's copyrighted images is a claim for copyright infringement. See Feist, 499 U.S. at 361; Laws, 448 F.3d at 1144; Del Madera, 820 F.2d at 977 ("Del Madera's ownership of this material, and the alleged misappropriation by the defendants, are part and parcel of the copyright claim."). Indeed, in the complaint, Plaintiff alleges that Defendants have "violat[ed] Plaintiff's copyright in the materials." (Doc. No. 1, Compl. ¶ 56.)

The district court decision in Levy Production Grp., LLC v. R&R Partners, Inc., 658 F. Supp. 3d 901, 910 (D. Nev. 2023), is instructive here. In Levy, the district court explained that there is a distinction between state law conversion claims that are based on the alleged misappropriation of intangible property (such as electronic data) and claims based on the misappropriation of tangible property. See id. at 901–11. When a conversion claim is brought based on the alleged misappropriation and use of intangible, electronic data within the subject matter of copyright (as it is here), the Copyright Act completely preempts the claim. See id.; Bokenfohr v. Gladen, 828 F. App'x 485, 486 (9th Cir. 2020); Spear Mktg., Inc. v. BancorpSouth Bank, 791 F.3d 586, 598 (5th Cir. 2015) ("SMI's conversion claim, to the extent it alleges conversion of intangible 'confidential information' and 'certain trade secrets,' is preempted.").

26-cv-02960-H-DEB

Plaintiff argues that its conversion claim is distinguishable from the conversion claim at issue in <u>Levy</u>.  (Doc. No. 12 at 6.)  Specifically, Plaintiff contends that the gravamen of its conversion claim is not merely that Defendants copied a creative work; it is that Defendants wrongfully retained and exploited Smartscape's business property and project and client information in a competing business after authorization had expired.  (<u>Id.</u>)  Even assuming Plaintiff's conversion claim encompasses more than the alleged misappropriation and use of copyrighted images and data, that does not change the fact that, as conceded by Plaintiff in making this argument, the conversion claim is in part based on the alleged copying of copyrighted creative works.  As such, the conversion claim is completely preempted – at least in part – by the Copyright Act.[1]

In sum, Plaintiff's conversion claim is completely preempted in part by the federal Copyright Act.  Further, because the conversion claim is completely preempted in part by the Copyright Act, the Court has federal question jurisdiction over the claim.[2]  <u>See</u> <u>Retail Prop.</u>, 768 F.3d at 947.

## III.    Supplemental Jurisdiction

Defendants contend that because the Court has federal questions jurisdiction over at least some of Plaintiff's claims, the Court then has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).  (Doc. No. 11 at 16.)  Defendants are correct.

---

[1]    For complete preemption to apply, the claim need not be entirely preempted by the Copyright Act.  A claim can be only partially preempted by the Copyright Act.  <u>See, e.g.</u>, <u>Spear Mktg.</u>, 791 F.3d at 598 (finding conversion claim preempted to the extent it is based on conversion of intangible confidential information and certain trade secrets, but not preempted to the extent it is based on the conversion of physical property).

[2]    Defendants also contend that the Copyright Act completely preempts Plaintiff's claims for breach of contract, breach of fiduciary duty, and unfair business practices.  (Doc. No. 11 at 13–16.)  Because the Court concludes that Plaintiff's conversion claim is completely preempted in part by the Copyright Act conferring the Court with federal questions jurisdiction over the claim, the Court declines to address whether these additional claims are also completely preempted by the Copyright Act.

26-cv-02960-H-DEB

Under the supplemental jurisdiction statute: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). "In analyzing whether such a relationship exists between federal and state claims, courts should examine 'whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.'" Landy v. Pettigrew Crewing, Inc., No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (quoting Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996)); accord Carne v. Stanislaus Cnty. Animal Servs. Agency, 445 F. Supp. 3d 772, 775 (E.D. Cal. 2020).

Here, all of Plaintiff's claims arise from a common nucleus of operative facts. All of the claims arise from Defendant York's prior contractual relationship with Plaintiff's owner, his alleged access to certain images and records, and his alleged misappropriation and use of those images and records on Evoscapes's website. (See generally Doc. No. 1, Compl. ¶¶ 14–56.) Thus, all the claims arise from common facts and involve similar and overlapping occurrences and evidence. As such, because all of the claims arise from a common nucleus of operative fact, and the Court has federal question jurisdiction over Plaintiff's completely preempted conversion claim, the Court has supplemental jurisdiction over the remaining state law claims under § 1367(a).

/ / /

/ / /

/ / /

26-cv-02960-H-DEB

## Conclusion

In sum, the Court has subject matter jurisdiction over all the claims in this action. As such, Defendants' removal of this action to federal court was proper, and the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATED: June 24, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

26-cv-02960-H-DEB